# Richmond

MARY A. BARBOUR v. HERBERT BARBOUR.

January 15, 1931.

Present, Prentis, C. J., and Campbell, Holt, Epes and Gregory, JJ.

*Harris, Harvey & Brown*, for the appellant.

*M. Haley Shelton* and *Thos. I. Talley*, for the appellee.

PRENTIS, C. J., delivered the opinion of the court.

The appellant, Mary A. Barbour, filed a bill against her

son, Herbert Barbour, the object of which was to set aside and annul a deed of trust upon certain real estate owned by her, apparently executed by her in July, 1921, and recorded July 4, 1921, to secure the payment of a note for $1,000, dated July 1, 1921, bearing interest from its date, payable on demand to her own order, and endorsed by her in blank.

The chief allegation of the bill, that upon which the case for the complainant depends, is her charge "that the said deed of trust and note are forgeries; if not forgeries, that her name, if signed thereto, was procured by false and fraudulent representations, in that your complainant never understood or intended to sign any note or deed of trust or other writing charging her property with any debt or obligation of any kind." She also alleges that she never received any value from Herbert Barbour, or from any other person, for the note and deed of trust; and she prays that the deed of trust and note may be declared null and void; that they be cancelled; and that the cloud may be thus removed from her title.

The answer of the defendant, Herbert Barbour, denies all of the substantial allegations of the bill.

One of the assignments of error is that there was such a conflict in the evidence that the court should have directed an issue out of chancery.

We think it quite clear that this is not a case in which an issue out of chancery should have been directed. Among the late expressions of this court on that subject is *Bunkley* v. *Commonwealth*, 130 Va. 55, 108 S. E. 1, and the general rule is that such an issue should be directed if necessary to satisfy the conscience of the chancellor in a doubtful case, but that an issue should not be directed merely because some of the evidence is contradictory.

There are no particular circumstances in this case which would have justified the trial court in directing an issue out of chancery.

The case presents no novel or difficult question of law, and the sole question presented by the record is one of fact. The trial court, in the decree dismissing t he bill,says this, in substance: The court being of opinion that the evidence is not of such a conflicting nature as to make it doubtful as to which side preponderates, overrules the motion for an issue out of chancery, and is further of opinion that the allegations of the bill of complaint are not established.

As to the legal questions discussed, these citations are sufficient:

■ This is said in *Redwood* v. *Rogers*, 105 Va. 158, 53 S. E. 6: "The charge of fraud is one easily made, and the burden of proving it rests on the party alleging its existence. It may be proved, not only by positive and direct evidence, but by showing facts and circumstances sufficient to support the conclusion of fraud. But however shown, the proof must be clear and convincing, and such as to satisfy the conscience of the chancellor, who should be cautious not to lend too ready an ear to the charge."

■ It may be also said with confidence that in suits for the cancellation of a deed on the ground of fraud, the plaintiff, to prevail, must prove the allegations upon which he seeks a relief by evidence that is clear, cogent and convincing. *Haynes* v. *Peterson*, 125 Va. 733, 100 S. E. 471, 6 A. L. R. 1456.

■ Tested by these established rules, there is slight reason for questioning the correctness of the decree appealed from. The deed was drawn by a reputable attorney in his office at Richmond, while Mrs. Barbour, the appellant, was visiting her son, the appellee. This attorney is dead. It was acknowledged before a notary public in the city of Richmond, but he was not introduced as a witness. The appellant claims that in response to the importunities of her son she agreed to make a will by which he would

receive $1,000 from her estate, that she thought that it was such a paper that she signed, and suggests that there was some fraudulent substitution of the deed of trust for the will she thought she was signing. This leaves entirely unexplained the most unusual circumstance of intention to make a will which provides for a single legacy, without more, and which does not dispose of all of the testator's estate, either expressly or by implication. It ignores the significant fact that there were three signatures, the genuineness of which cannot be doubted—that is, the signature to the deed of trust, the signature to the note, and the endorsement of the note by Mrs. Barbour. It also leaves unimpeached the certificate of the notary.

The appellee claims that he had supplied his mother with money from time to time, and that it was her purpose to reimburse him for these advances, and that she expected another son to pay off the debt. Mrs. Barbour claimed and testified that she was entirely ignorant of the deed of trust until early in 1924, at which time it was shown to her by Julian Meade, Esq., a well known attorney of Danville, and request for settlement made. The trustee named in the deed, George C. Fitzhugh, having died since the deed was executed, Mr. Meade was substituted as trustee May 26, 1924. Of course, if the deed was a forgery and a fraud upon Mrs. Barbour, she should have repudiated it promptly. Instead of doing so, we find that she wrote three letters to her son two years later, in which these expressions occur: In the one of June 12 (probably 1926): "You shall have your money. I think I will go to the country to live." June 26, 1926: "I think I can get enough for mine to pay you one thousand, but if you take interest I cannot get enough to build me a house, but I will do the best I can." September 12, 1926: "You wanted to know about the note. I am going to pay it as soon as I can get me a place."

Much more could be quoted from the testimony which Mrs. Barbour herself supplied, but this is sufficient. Notwithstanding her accurate information early in 1924 as to the deed of trust and note, which Mr. Meade gave her, and in the face of her letters in 1926 recognizing the existence of both and promising to settle when she sold the property, this suit was not instituted until 1927. It is unnecessary to pursue the subject further. The plaintiff has signally failed to establish the allegations of her bill, and the decree dismissing it must be affirmed.

*Affirmed.*