# 𝖘𝖙𝖆𝖚𝖓𝖙𝖔𝖓

SALLIE MCCLINTOCK, ET AL. V. J. POWELL ROYALL, ET AL.

September 13, 1939.

Record No. 2098.

Present, All the Justices.

The opinion states the case.

*William H. Werth,* for the appellants.

*A. S. Higginbotham* and *James W. Harman,* for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Washington county dismissing the bill of complaint filed by appellants against appellees. The case is as follows: Appellants are general creditors of J. Powell Royall and his wife, Jennie Bowen Royall. In the year 1914, J. Powell Royall purchased from J. G. Buston a tract of land situated in the town of Tazewell, upon which he erected a handsome and commodious residence. In July, 1930, Royall and wife executed a deed of trust upon this property securing indebtedness in the sum of approximately $18,000. Subsequent to the execution of this deed of trust, the indebtedness to appellants was incurred.

The principal creditor secured by the deed of trust was the Home Owners Loan Corporation, to whom the Royalls were indebted in the sum of $12,500. On June 24, 1935, Royall and wife, in consideration of the sum of $12,500,

conveyed the property involved to A. S. Higginbotham, trustee, in conformity with the terms of the will of Mrs. Kroll hereinafter set forth.

In the bill of complaint it is alleged that the deed of trust executed by Royall and wife to A. S. Higginbotham, trustee, is illegal, null and void, for the reason that it is in fraud of the rights of appellants and is an apparent effort to hinder and delay the unsecured creditors in the collection of their debts.

In the answers filed by Royall and wife and A. S. Higginbotham, trustee, the allegations of the bill are specifically denied.

The cause was heard by the chancellor upon sundry motions to strike out the answers of the defendants, which motions were overruled and further heard upon the bill, answers, exhibits filed therewith and depositions of witnesses. On the 17th day of September, 1938, the chancellor entered a decree dismissing the bill of complaint and entered a judgment in favor of the defendants for costs. From that decree appellants have appealed.

Eighteen assignments of error have been set forth in the petition, but in our opinion, a decision of the cause rests upon the proper determination of the following questions: (1) Was J. P. Royall, or Mrs. M. Lou Bowen Kroll, the real donor or creator of the trust estate set up in the deed to Higginbotham, trustee, for the benefit of Jennie Bowen Royall? (2) Was the deed executed by Royall and wife to Higginbotham, trustee, in fraud of the rights of appellants? (3) Was the consideration paid by the trustee a fair price for the Royall home?

The conveyance, under attack as fraudulent, illegal and void, grew out of the provisions of the fourth clause of the will of Mrs. Kroll, an aunt of Jennie Bowen Royall, and is as follows:

"Fourth: I desire my Executor, as he prudently can in taking proper care of my estate, to advance to such of my nieces and nephews as are in debt at the time of my death a sum necessary for them to hold the homes in which they

now live, and also to advance to the widow and children of any deceased nephews who are in debt at the time of my death a sum necessary for them to hold the homes in which they now live; but no unnecessary advancement is to be made, and no advancement in excess of Ten Thousand ($10,000.00) Dollars is to be made to any one of them. It is not my intention to pay off all of the indebtedness of my nieces and nephews who are indebted, or all *to* the indebtedness of the widows and children of my deceased nephews, but only to help them by advancing to them an amount necessary, but not exceeding Ten Thousand to any of them, to enable them to retain their residence and a reasonable portion of land adjoining same; and, to carry out this desire of advancements to them, I desire, direct, authorize and empower my Executor, so long as it may be necessary, to manage, use and control all of my property, real, personal and mixed, and to apply the rents, issues, dividends, profits and royalties therefrom, after the payment of my debts, funeral and burial expenses, to said advancements. Said advancements in this clause provided for are to be charged against the devise and bequest hereinafter made to the party or parties who receive same, but are to be made even if in excess of the devises and bequests to them; and, if in excess of the bequests and devises to them, they are to have, and are not to be required to pay, the excess; and the homes secured by said advancements are to be put in trust for the parties who secure said advancements, to be held by them for life, free from all indebtedness and liabilities of said parties receiving said advancements, and at their death are to go and pass in fee simple, and be divided among their children and the descendants of any of their children who may have died leaving children, the descendants to take *per stirpes* and not *per capita.*"

The executor named in the will of Mrs. Kroll declined to qualify and A. S. Higginbotham was appointed administrator with the will annexed. In November, 1934, this administrator filed his bill of camplaint in the Circuit Court of Tazewell county against Jennie Bowen Royall and all the

other devisees and legatees named in the will of Mrs. Kroll. A specific prayer of the bill is that the court construe the fourth clause of Mrs. Kroll's will and advise the administrator in regard to his duties under this provision thereof, and define the rights of the legatees or devisees thereunder.

Mrs. Royall filed her answer to the bill, claiming that by reason of her insolvency she, as a niece of testatrix, was entitled to the benefit of the fourth clause of the will. The claim of Mrs. Royall (to have the home in which she lived purchased by the administrator and held in trust for her benefit, pursuant to the terms of the will) was contested by some of the legatees and devisees. Thereupon, the cause was transferred to the Circuit Court of Washington county.

The cause was heard upon the bill of complaint, answers filed and the depositions of witnesses as to the value of the Royall home, there being no question that Mrs. Royall was an insolvent debtor. The decree entered by the chancellor reads in part as follows:

"Mrs. Jennie B. Royall, niece of Mrs. Kroll, alleges that she was in debt; that the home in which she lived at the time of Mrs. Kroll's death was in jeopardy, and has proved, sufficiently, that Mrs. Kroll knew of the indebtedness, knew of the danger the home in which she lived was in, and that Mrs. Kroll had her in mind when her will was executed. In other words, the pleadings and proof enable Mrs. Royall to qualify for an advancement under Clause Fourth. It makes no difference in whom the legal title rested, nor in whom it now rests. Mrs. Kroll's Will would be fulfilled as completely by redeeming the home as by paying for it before it was sold. But while theoretically Mrs. Royall can qualify, whether it is practicable for her to do so or not must be determined by herself. If she can and will tender to the executor a good and sufficient deed, free from encumbrances, for the home in which she lived at the time of Mrs. Kroll's death, the executor may advance her an amount not exceeding $10,-000.00, equal to the amount it has been necessary for her to expend in order to redeem the home, and may convey to a trustee for her, upon the limitations placed in Mrs. Kroll's

Will, the said home; or perhaps may himself hold the home as trustee by executing and recording a declaration of trust reciting that the home is held for Mrs. Royall for her life and at her death to her children in fee, etc., as prescribed by the will. The advancement of course, if made, is to be charged against Mrs. Royall's devise and bequest in Clause Fifth. It will also be necessary for Mrs. Royall to tender to the executor a good and sufficient deed, free from encumbrances, within a reasonable time, say within a period of not more than three months."

Pursuant to the provisions of the decree, Higginbotham, administrator, entered into an agreement with J. P. Royall in whom the title to the home was vested, to purchase the property for the sum of $12,500; $10,000 thereof to be paid by the administrator in conformity with the provisions of the will of Mrs. Kroll, and the residue to be paid by the five adult children of Mr. and Mrs. Royall. This agreement was reported to the court, and thereupon, a decree was entered December 19, 1935, authorizing the administrator to pay to the Home Owners Loan Corporation the sum of $10,-000 out of the assets of the estate of Mrs. Kroll. In compliance with this decree and the agreement of the five adult children, the debt of the Home Owners Loan Corporation was paid, the property was conveyed by Royall and wife to A. S. Higginbotham, trustee, and the trust in favor of Mrs. Royall was thereby established.

We now come to a determination of the question involved. In our opinion the contention of appellants that J. P. Royall was the real donor or creator of the trust estate in favor of Jennie Bowen Royall is untenable. In the execution of her will, it is apparent from the language employed that Mrs. Kroll was cognizant of the fact that certain of her nieces and nephews were financially involved. In order "for them to hold the homes in which they now live," specific authority is given the executor to advance to such financially involved niece or nephew the sum of $10,000, " * * and the homes secured by said advancements are to be put in trust for the parties who secure said advancements * * * ."

There is no question that Mrs. Kroll had the right and power to dispose of her estate as she saw fit. That J. P. Royall happened to be the husband of a niece of the testratrix is an insufficient foundation upon which to base the conclusion that he was the donor of the purchase price of the property.

 The second contention, involving the charge of fraud upon the part of Higginbotham, trustee, and J. P. Royall, is likewise without merit. The basis of this contention is that Higginbotham, administrator, knew that Royall was insolvent and that the purpose of the creation of the trust for the benefit of Mrs. Royall was to hinder, delay and defraud appellants and was therefore void under the provisions of section 5184 of the Code.

The mere fact that an insolvent debtor makes a conveyance of his real estate is not conclusive evidence that he has perpetrated a fraud upon his creditors. It is, however, a material circumstance to be considered in connection with other circumstances which tend to show a fraudulent intention. In Virginia the rule is firmly established that fraud, when relied upon, must be expressly charged and must be proved by evidence that is clear, cogent and convincing. See *Barbour* v. *Barbour*, 155 Va. 650, 156 S. E. 365; *Colvin* v. *Daily*, 164 Va. 330, 180 S. E. 172; *Francisco* v. *Neel*, 167 Va. 13, 187 S. E. 495.

While the record is replete with facts showing the insolvency of Royall, about which there is no denial, there is not a *scintilla* of evidence that Royall and Higginbotham conspired to defraud appellants. That Higginbotham, administrator, acted in good faith is demonstrated by his action in seeking the aid of a court of equity in carrying out the provisions of the will of Mrs. Kroll, and that his purchase of the Royall home was consummated pursuant to the specific direction of the court whose aid he was seeking.

 The final material contention of appellants is that the Royall home was sold to Higginbotham at an inadequate price. There is uncontradicted evidence which shows that the initial cost of the Royall home in 1914 was far in excess

of the amount for which it was sold in 1935. This court, however, will take judicial notice of the fact that it is a far cry from the affluent conditions of 1914 to the nerve-racking, deplorable conditions which existed in 1935, when real estate values were almost infinitesimal and stock values were *nil*. The evidence as to the value of the property is conflicting. This conflict has been determined by the chancellor in favor of the appellees. While this conclusion, based upon depositions, is not binding upon this court, it is highly persuasive. Especially is this true when it appears that appellants failed in their prayer for relief to ask that the parties be placed *in statu quo*. To sustain the contention of appellants *in toto* would result in the loss of the $12,500 to the administrator and adult heirs, unless the property, under a decreed sale, would have brought a sum in excess of that amount. There is no offer upon the part of appellants to limit their equity to the excess of value over that amount, nor do they concede that Mrs. Kroll's estate and the Royall children are entitled to a prior lien for the amount paid to the creditor of J. P. Royall and his wife.

Upon the whole case we are of opinion that the decree is plainly right and it will be affirmed.

*Affirmed.*