# Richmond

Columbus Scott v. J. C. Nance, Administrator, Etc.

November 28, 1960.

Record No. 5165.

Present, Eggleston, C. J., and Spratley, Miller, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*M. Wallace Moncure, Jr.,* for the plaintiff in error.

*William R. Blandford* (*Leslie L. Mason, Jr.; J. Taylor Williams,* on brief), for the defendant in error.

Spratley, J. delivered the opinion of the court.

Melvin R. Hamlett was killed on December 24, 1957, as a result of being struck by an automobile operated by Columbus Scott. Scott was indicted for the homicide, and, on March 14, 1959, convicted and sentenced to two years in the Virginia State Penitentiary.

On December 23, 1958, one day before the expiration of a year after the death of Hamlett, J. C. Nance, administrator of the estate of the deceased, filed a motion for judgment against Scott, who was then incarcerated in the Virginia State Penitentiary. Service of notice of the motion was made upon the Superintendent of the Virginia State Penitentiary on December 31, 1958.

At the time of the filing of the motion for judgment, there was also filed a memorandum for the appointment of a committee for Scott, under the provisions of § 53-305, Code of Virginia, 1950. An order appointing the committee was entered by the lower court on January 5, 1959. Scott filed, on January 20, 1959, a plea in abatement to the action on the ground that he was confined in the penitentiary as a felon, and that, under Code, § 53-307, no action or suit could be instituted against him individually while he was so incarcerated. Personal service of notice of the motion for judgment was thereafter, on January 26, 1959, had upon Scott, who had then been released from custody. Service of notice of the motion was also had upon the committee for Scott on January 28, 1959.

On May 4, 1959, the court sustained defendant's plea in abatement, and dismissed the proceeding brought against him. Thereupon on the same day, the present action was instituted by a new motion for judgment and service of notice thereof was immediately made upon Scott personally.

Scott filed grounds of defense to this latter motion, and moved for summary judgment on the ground that the action was barred by the statute of limitations, not having been brought within one year next after the death of plaintiff's decedent.

The motion for summary judgment was overruled. On October 13th, the case came on to be heard on the merits, and the jury returned a verdict in favor of Nance, the administrator, in the sum of $10,000.00, and judgment was entered accordingly.

Scott applied for and was granted a writ of error.

The sole question involved on appeal is whether or not the first motion for judgment, dismissed on defendant's plea in abatement, was such an action as tolled the running of the statute of limitations, Code, § 8-634, as to the second motion.

Scott claims that the proceeding initiated on December 23, 1958, was null and void, because no action could be instituted against him personally, Code, § 53-307, while he was incarcerated in the penitentiary; and that, consequently, that proceeding was not such

an action as tolled the statute of limitations. On the other hand, the administrator contends that the first proceeding having been dismissed, without a determination of its merits, the time it was pending could not be counted as any part of the period of one year after the death of his decedent.

There is no conflict in the evidence, and the issue raised is solely one of law.

The statutes involved are the following:

Code, § 53-305 provides for the appointment of a committee for a person convicted of a felony and sentenced to confinement in the penitentiary for one year or more, and that the real and personal estate of the convict shall be committed to such committee.

Section 53-307 reads as follows:

"§ 53-307. Powers and liabilities of committee.—Such committee may sue and be sued in respect to all claims or demands of every nature in favor of or against such convict, and any other of the convict's estate, and he shall have the same right of retaining for his own debt as an administrator would have. No action or suit on any such claim or demand shall be instituted by or against such convict after judgment of conviction, and while he is incarcerated. All actions or suits to which he is a party at the time of his conviction shall be prosecuted or defended, as the case may be, by such committee after ten days' notice of the pendency thereof, which notice shall be given by the clerk of the court in which the same are pending. (Code 1919, § 4999.)"

Section 8-633, creating a right of action for death by wrongful act, provides, so far as is material here:

"Every action under this section shall be brought within one year after the death of the injured person, * * *. (Code 1919, § 5786; 1926, p. 859; 1942, p. 159.)"

Section 8-634, relating to how and when such action shall be brought, provides:

"§ 8-634. How and when to be brought.—Every such action shall be brought by and in the name of the personal representative of such deceased person and within one year after his or her death, but if any such action is brought within such period of one year after such person's death, and for any cause abates or is dismissed without determining the merits of such action, the time such action is pending shall not be counted as any part of such period of one year, and another suit may be brought within the remaining period of such

one year as if such former suit had not been instituted. (Code 1919, § 5787; 1920, p. 26; 1942, p. 337.)"

In *Norwood, Adm'r* v. *Buffey*, 196 Va. 1051, 1053, 86 S. E. 2d 809, the history of § 8-634 is set out. In that case (196 Va. at page 1055) and in *McDaniel* v. *Carolina Pulp Company*, 198 Va. 612, 616, 95 S. E. 2d 201, we quoted with approval this statement from 54 C. J. S., Limitations of Actions, § 287 (b):

"A statute extending the time for the institution of a new action on failure of the original action for reasons other than on the merits is highly remedial, and should be liberally construed in furtherance of its purpose, to afford litigants a hearing on the merits, and is not to be frittered away by any narrow construction; * * *."

To the same effect see 34 Am. Jur., Limitation of Actions, § 279.

In *Norwood, Adm'r* v. *Buffey, supra,* 196 Va., at page 1056, speaking of the saving clause of § 8-634, we said: "The phrase, 'but if any such action * * * for any cause abates or is dismissed' is all-embracing. It is 'as broad and general as the casing air.'"

Section 53-307 does not grant to a convict immunity from claims and demands against him and his estate. Such claims and demands may be asserted against the committee appointed for him. The statute relates to the remedy and not to the right to assert liability against the convict.

In *Haynes* v. *Peterson*, 125 Va. 730, 735, 100 S. E. 471, we said:

"There is no statute or decision in this State that denies to a convict the right to contract, acquire, hold and dispose of property, * * *."

In *Merchant* v. *Shry*, 116 Va. 437, 439, 82 S. E. 106, we quoted the following statement from *Platner* v. *Sherwood*, 6 Johns. Chy. 129:

" 'A person attainted of felony, and adjudged to imprisonment for life, may have been regarded as dead in law, *sub modo,* but he certainly was not deemed and taken to be civilly dead, to all intents and purposes.' "

The facts and circumstances of this case are analogous to those in *McDaniel* v. *Carolina Pulp Company, supra,* 198 Va., save that here the first action was instituted against Scott in his individual capacity when he was incarcerated in the penitentiary; while in the *McDaniel* case, the first action was instituted by a foreign administrator, who was without authority to bring the action in Virginia in his official

capacity. In the *McDaniel* case, the parties, plaintiff and defendant, were substantially the same in each of the proceedings there involved. The cause of action, the subject matter, and the relief sought were actually the same. That is true here. McDaniel, as administrator, was the real party in interest in each action. Here, Scott was the real party in interest in each of the motions for judgment involved. The two proceedings against him actually presented the same case, and the first action was dismissed without determining the merits of such action. It is generally held, under such circumstances, that the original action saves the second from the bar of the statute of limitations, if the second is seasonably instituted. 54 C. J. S., Limitations of Actions, sections 289, 292 (c) and 293.

We perceive no good reason why the principle applied where a plaintiff is under disability as a foreign administrator should not be applied where a defendant is under disability because of his confinement in the penitentiary.

In 34 Am. Jur., Limitation of Actions, § 277, at page 225, citing authority, this is said:

"*Amendment Relating to Capacity of Defendant.*—Although made after the expiration of the period of limitations, amendments changing the allegations as to the capacity in which a defendant is sued are proper, and, unless a new cause of action is stated, the action is not barred. Thus, it has been held that where a person has been sued in a representative capacity, an amendment charging him individually does not have the effect of bringing in a new party, but merely changes the capacity in which the same defendant is sought to be charged."

Scott relies principally upon *Merchant* v. *Shry, supra*, 116 Va., decided in 1914, under statutes practically identical with those here involved. In that case, Shry, after conviction of a felony and while in jail awaiting removal to the penitentiary, was served with process to answer an action brought against him personally. The Court said, 116 Va., *supra*, at page 438, that:

"* * * (T)he sole question now before us is whether or not process to answer that suit could be served upon the defendant; he being convicted of a felony at the time of service."

It was regretfully held the lower court properly sustained a motion to quash the process. The issue there decided is not involved in the case now before us.

Cases from other States relied on by Scott are cases where the facts or procedures were unlike those in the present case.

In *Chandler* v. *Dunlop*, 311 Mass. 1, 39 N. E. 2d 969, the plaintiff, who was injured on May 9, 1938, by an automobile operated by Harry B. Dunlop, undertook to bring an action against Dunlop on April 6, 1939. Dunlop had theretofore died on September 4, 1938, and Cassie B. Dunlop had qualified as administratrix of his estate on September 29, 1938. The officer's return upon the writ dated April 6, 1939, naming Harry B. Dunlop as defendant, recited service at the "last and usual place of abode" of the said Dunlop on April 8, 1939. Plaintiff was allowed, on January 15, 1940, to amend her pleading by substituting Dunlop's administratrix as defendant. The administratrix thereupon filed a motion to dismiss and a plea in abatement, on the ground that plaintiff's cause of action arose May 9, 1938, and no proceeding was instituted against her until more than one year had thereafter elapsed, and more than one year after her qualification as administratrix. The lower court sustained the plea in abatement and dismissed the action. On appeal, the Supreme Court, referring to the first proceeding, said:

"No action was brought at the date of the writ. The only person therein named as defendant was dead. Though the cause of action survived his death, obviously he could not be sued thereon after his death. The action was, in truth, brought against nobody, the purported service upon the person named in the writ as defendant at 'his last and usual place of abode' was a nullity, * * *." 39 N. E. 2d 969, *supra*, at page 973.

Here, Scott, sentenced to imprisonment in the penitentiary for two years, was very much alive civilly, when both the first and second actions in this proceeding were instituted.

The first motion for judgment in this case was an abortive proceeding; but it is clear that it was, nevertheless, an action as defined by Rule of Court 3:3: "(a) *Commencement of Action*. An action shall be commenced by filing in the clerk's office a motion for judgment and by paying the required writ tax and deposit against costs. The action is then instituted and pending as to all parties defendant thereto."

We hold that the motion for judgment filed by J. C. Nance, administrator of the estate of Melvin R. Hamlett, on December 23, 1958, and dismissed without determining the merits of the motion,

was such an action as tolled the statute of limitations under the provisions of Code, § 8-634. We believe this conclusion promotes the ends of justice in this case, and that it is in conformity with the statutes as they are written and with our decisions.

*Affirmed.*