## CIRCUIT COURT OF THE CITY OF CLIFTON FORGE

Bill H. Kornegay et al.

v.

Jack D. Showalter et al.

February 17, 1981

Case No. 1856

By JUDGE ROSCOE B. STEPHENSON, JR.

Having fully considered all of the evidence and the reasonable inferences to be drawn therefrom, it is my opinion that the evidence fails to prove that the conveyance attacked by this litigation was fraudulent.

It is well settled in Virginia that an insolvent debtor may prefer one creditor over another and that the one disfavored cannot successfully attack the conveyance absent proof of fraud. *Surratt* v. *Eskridge*, 131 Va. 325, 108 S.E. 677 (1921). In order to successfully challenge a conveyance under Code § 55-80, the creditor must prove two elements. First, he must prove that the grantor possessed a fraudulent intent. *Hutchenson* v. *Savings Bank*, 129 Va. 281, 105 S.E. 677 (1921). Second, where the evidence proves that the grantee paid valuable consideration for the transfer, the creditor must further prove that the grantee was a party to the fraud. In other words, a *bona fide* purchaser may retain the property despite the guilty intent of his grantor, and once the grantee has shown payment of a valuable consideration, the attacking creditor has the burden of proving by clear and convincing evidence that the grantee was a party to or

knew of the fraud. *Bruce* v. *Dean*, 149 Va. 39, 51, 140 S.E. 277, 282 (1927). *See also Flook* v. *Armentrout*, 100 Va. 638, 42 S.E. 686 (1902).

While it is true, as the complainants contend, that inadequacy of consideration is a circumstance of fraud, *McClintock* v. *Royall*, 173 Va. 408, 4 S.E.2d 369 (1939), inadequacy of consideration, standing alone, will not support a finding of fraudulent intent unless the consideration is so grossly inadequate as to shock the conscience of the court. *Flook* v. *Armentrout*, *supra*, 100 Va. at 644, 42 S.E. at 688.

In the present case, there is evidence that the grantor owed the grantee attorney's fees and expenses in the amount of $15,000. The evidence indicated that the grantee had performed extensive legal services for the grantor over a considerable period of time and that he had received no prior payment therefor. The evidence further proved that the grantee, in accepting the conveyance, assumed a lien indebtedness against the property in the amount of approximately $21,000. In addition, the grantee contended that he had previously assumed a debt of the grantor in the amount of $10,000 which was inadequately secured. Assuming, but not deciding, that the last mentioned item should not be considered in computing consideration, it seems clear that the consideration to be paid by the grantee is in at least the amount of $36,000. On the other hand, evidence regarding the market value of the real estate in question was far from conclusive, and the court is not persuaded that an inadequacy of consideration exists in this case which would justify a finding of fraud.

The presumption of law is in favor of honesty, and the complainants have the burden of proving fraud by clear and convincing evidence. The court is of opinion that they have failed to do so. Accordingly, the court finds in favor of the defendants.