## Richmond

First National Exchange Bank of Roanoke, Ex'r, Etc. v. Seaboard Citizens National Bank of Norfolk, Adm'r, Etc., Et Al.

March 16, 1959.

Record No. 4888.

Present, All the Justices.

The opinion states the case.

*Maurice Steingold* (*Steingold, Steingold & Chovitz,* on brief), for the appellant.

*Harry Ganderson* (*L. L. Underwood, Jr.,* on brief), for appellee, Elizabeth Howell Pollock.

*Marshall T. Bohannon, Jr.,* (*Herbert & Bohannon,* on brief), for appellee, Provident Tradesmen's Bank & Trust Co., Trustee.

SNEAD, J., delivered the opinion of the court.

The Seaboard Citizens National Bank of Norfolk, Administrator d.b.n.c.t.a. of the Estate of Francis Richardson, deceased, instituted a chancery suit on June 7, 1957 in the Circuit Court of the City of Norfolk praying for the advice and guidance of the court as to the proper distribution of funds it received approximately thirty years after Richardson's death, and that it be permitted to state and settle its accounts in the suit. Among the parties defendant were Elizabeth Howell Pollock, a great-niece of decedent; Provident Trust Company of Philadelphia, Trustee for Annie Place under the will of Josephine R. Howell, deceased, a great-niece of decedent, and First National Exchange Bank of Roanoke, Executor of the estate of Mary R. Gray, deceased, a niece of decedent. The court determined that the rights of creditors of Richardson's estate were barred by the statute of limitations and they have not appealed from that decision. It also decided that Elizabeth Howell Pollock and the estate of Josephine R. Howell were entitled to share equally in the entire residuum of Richardson's estate after payment of cash bequests and costs, and that the estate of Mary R. Gray was not entitled to share in it. We granted First National Exchange Bank of

Roanoke, Executor of the estate of Mary R. Gray, deceased, an appeal.

Francis Richardson, unmarried, died on March 16, 1928 in Norfolk. His sole heirs at law were his nieces, M. R. Gray (Mary R. Gray) and E. R. Howell (Elizabeth R. Howell). In his holographic will, dated December 10, 1920, he made certain specific cash bequests to friends and charitable institutions. After making provision for them he provided in the next two paragraphs, which will be hereinafter referred to as paragraphs 8 and 9 respectively, as follows:

"I desire that the above cash legacies be paid promptly after my decease and the remaining assets of my estate be converted into cash as rapidly as in the opinion of my executor the best interests of the estate will permit.

"I desire that after deduction of necessary expenses the net proceeds of such conversion from leases, options or sales, be equally divided between my two nieces, E. R. Howell and M. R. Gray, and paid to them at reasonable intervals, not execeeding six months, if collections during any interval have amounted to $600.00 net. Should either of my said nieces die before the final settlement of my estate, leaving issues, then living, such issues shall be entitled to their mother's share. But in the absence of any such living child or children, both shares are to belong to my surviving niece."

In January 1929 Seaboard Citizens National Bank, Administrator d.b.n.c.t.a. of the Estate of Francis Richardson filed a bill of complaint in the Circuit Court of the City of Norfolk in order to sell decedent's real property, disburse the proceeds and to settle its accounts. All of decedent's real estate was sold in this proceeding and the proceeds were distributed to creditors. The court by decree of September 17, 1945 confirmed the administrator's final report and dismissed the cause from the docket, noting that there were debts in substantial amounts which remained unpaid.

E. R. Howell died testate on May 9, 1942. She was survived by two daughters, Josephine R. Howell and Elizabeth Howell Pollock. On September 2, 1947 Josephine R. Howell died. Provident Tradesmen's Bank and Trust Company, Philadelphia, Successor Trustee for Annie Place, is the residuary beneficiary under her will. Elizabeth Howell Pollock is now living.

On December 5, 1955, M. R. Gray died testate and no issue survived her. First National Exchange Bank of Roanoke qualified as executor of her estate.

Françis Richardson had a brother, Charles Richardson of Philadelphia, who predeceased him, he having died testate on November 19, 1922. The Orphans' Court of Philadelphia County decreed on May 10, 1956 that upon the death in December, 1955 of a life tenant in a trust created under Charles Richardson's will, the estate of Francis Richardson was entitled to receive $7,741.95. This sum was subsequently paid to decedent's administrator and is the subject matter of this suit.

Appellant has resolved its assignments of error into three questions for our consideration, which are as follows:

"1. Did the trial court commit error by holding that the eighth and ninth paragraphs of the will of Francis Richardson contained language broad enough to construe them as being a residuary clause.

"2. Did the trial court commit error by holding that final settlement of the estate of Francis Richardson had not taken place in 1945 when all of his assets then in the hands of the administrator had been disposed of and the proceeds paid out to his creditors.

"3. Did the trial court commit error by holding that the estate of M. R. Gray was not entitled to share in the estate of Francis Richardson, arriving at that conclusion by a misconstruction of the language of the will of Francis Richardson which made no specific provision for the state of facts in existence at the time the instant suit was brought."

Appellee Elizabeth Howell Pollock has assigned the following cross-error:

"The Court erred as a matter of law and fact in holding that Elizabeth Howell Pollock was entitled to only one-half of the residue of the Estate of Francis Richardson, and in refusing to award the said Elizabeth Howell Pollock the entire residue of the Estate of Francis Richardson under the will of Francis Richardson, deceased."

■ In regard to the first question presented, appellant contends that paragraphs 8 and 9 are not broad enough to constitute a residuary clause, and consequently Francis Richardson died intestate as to the funds involved. It maintains that since M. R. Gray and E. R. Howell were alive and were testator's only heirs at law upon his death, one-half of the fund belongs to the estate of M. R. Gray.

In construing a will, the cardinal principle to be followed is that consideration must be given the entire instrument in ascertaining the testator's intent which shall govern, if not inconsistent with the law. All of the clauses should be reconciled, if it is fairly possible

to do so, in view of the language used in the will. *Jones* v. *Brown*, 151 Va. 622, 144 S. E. 620; 20 M. J., Wills, § 82, p. 256.

In *Arnold* v. *Groobey*, 195 Va. 214, 224, 77 S. E. 2d 382, it is said:

"No principle of testamentary construction is more firmly settled in Virginia than that there is a strong presumption that every testator intends to dispose of his entire estate, a presumption intensified where he uses a general residuary clause, and the courts are inclined very decidedly against adopting any construction of wills which leaves the testator intestate as to any portion of his estate, unless that result is inescapable."

And at page 226 we stated:

" 'The mere designation or enumeration of particular property in a residuary clause of a will, in connection with general words of disposition, does not restrict or limit the property passing by such clause to that designated, or to property of a like nature with that designated; and property within the import of the general words may pass under the clause, although not within the description of the property specifically designated.' "

It is conceded that paragraphs 8 and 9 are the only parts of the will which are pertinent to the issue. In paragraph 8 the testator directs that the "remaining assets" of his estate be converted into cash. Then immediately following in paragraph 9, he directs that the "net proceeds of such conversion from leases, options or sales" be divided between his two nieces. Considering these two paragraphs together, it is manifest that the testator intended to dispose of his entire remaining estate, which includes the remainder interest he had in the estate of his brother, Charles Richardson. We hold that the language used in paragraphs 8 and 9 is broad enough to constitute a residuary clause.

Appellant's second question relates to the time of final settlement of Francis Richardson's estate. It contends that final settlement of the estate, referred to in paragraph 9 of his will, occurred not later than September 17, 1945, when the decree was entered confirming the administrator's report, with proper vouchers attached, and dismissing the cause from the docket. It argues that the decree, in effect, determined that all of the assets had been disposed of and that the estate was finally settled or closed; that at that time appellant's decedent was alive, and she was entitled to share in this estate. With this contention we cannot agree.

When the decree was entered, the estate had a contingent re-

mainder interest in the estate of Charles Richardson. Apparently this fact was unknown to the court and the administrator. Moreover, there were unpaid creditors of the estate which the court noted. In view of these circumstances, it cannot be said that the estate was then actually finally settled. If there had been a final settlement on September 17, 1945, there would be no estate for distribution now.

In Lamb's Virginia Probate Practice, § 224, p. 357, the learned chancellor states:

"But in the Virginia probate law and practice the powers of a personal representative of a decedent do not come to an end in any such fashion, automatically upon settlement of final accounts or in any other event; nor are they here, as they are in many other jurisdictions, terminated by the entry of an order of discharge. There is no such thing as an order declaring the estate fully administered and discharging the personal representative from further duties and responsibilities. In this respect a fiduciary acting as personal representative of a deceased person's estate is wholly unlike other fiduciaries. His continued possession of his plenary powers *indefinitely* may be characterized as unique."

On the same page, the author quotes a memorandum of the late Judge James C. Lamb from 9 Virginia Law Register, p. 356:

" '* * * The effect of a full and final settlement of his accounts is, in time, of course, to discharge him from responsibility for the assets properly received and administered. But he is still administrator and still has the right and duty to collect and administer any assets which may be afterwards discovered.' "

■ Appellant's third question requires a determination of whether or not the court below erred by holding that the estate of M. R. Gray was not entitled to share in this estate. The cross-error assigned by appellee Elizabeth Howell Pollock is that the court erred by not holding she (Mrs. Pollock) was entitled to the entire residue of the estate rather than one-half of it. These two questions will be considered together, and they involve a construction of the following language used in paragraph 9 of Francis Richardson's will: "Should either of my said nieces die before the final settlement of my estate, leaving issues, then living, such issues shall be entitled to their mother's share. But in the absence of any such living child or children, both shares are to belong to my surviving niece."

As has been said, both nieces, E. R. Howell and M. R. Gray died before final settlement of the estate and the institution of the present

suit. E. R. Howell left issue surviving, but M. R. Gray was not survived by issue. Appellant maintains that the testator made no provision for the contingency as to one-half of his residuary estate and consequently died intestate as to it; that the trial court was without authority in law to determine what the testator would have done under the present state of facts, and that in supplying words in a will the correct principle is to supply only such words as it is evident the testator intended to use, and not those as would be necessary to effectuate his supposed intention. Appellant cites 20 M. J., Wills, § 88, p. 266 in support of his argument. There it is also said:

"Words and limitations may be supplied, when the immediate context or the general scheme of the will warrants it. But words will not be interpolated, except when necessary to effectuate the manifest intention of the testator. If the testator uses language which can be construed so as to carry the general intent and purpose into effect, it is the duty of the court so to construe the language as to accomplish that object. But the court is not authorized to supply omissions by adding words even for such a purpose. The testator must express his intention or use such language as will enable the court to ascertain what his intention is, in order to make it effectual."

In this jurisdiction early vesting of estates is favored, and devises and bequests are to be construed as vesting at the time of testator's death, unless the intention to delay the vesting is clearly indicated by the language of the will. If it appears from the instrument that testator intended that vesting be postponed to a time or upon the happening of an event subsequent to his death, effect must be given to that intent. Where the testator's intent may be determined from the language of the will, rules of construction are not to be employed. *Boyd* v. *Fanelli*, 199 Va. 357, 360, 361, 99 S. E. 2d 619.

In the sentence "Should either of my said nieces die before the final settlement of my estate, leaving issues, then living, such issues shall be entitled to their mother's share", it is apparent that "leaving issues, then living" has reference to issue living at the time of the death of a niece who died before final settlement of testator's estate and not just issue living at the time of final settlement of the estate. Since E. R. Howell died before final settlement of the estate and was survived by two daughters, Josephine R. Howell and Elizabeth Howell Pollock, it is clear that they are entitled to their mother's share under the will of Francis Richardson. The next sentence reads: "But in the absence of any such living child or children, both shares

are to belong to my surviving niece." M. R. Gray died before final settlement of the estate and left no child surviving. It was not necessary for the testator to repeat and add "or her issue" to the above sentence, for the immediate context and the general scheme of the will show that intent on the part of the testator. He intended to increase the share of the mother or her issue, in event the other niece died without issue to take her share. Therefore, Elizabeth Howell Pollock and the estate of Josephine R. Howell are entitled also to the share M. R. Gray would have received if the estate had been finally settled before her death.

We find no error in the decree appealed from, and it is

*Affirmed.*