## Richmond

Maggie W. Grinels, Executrix, etc. v. Quentin J. Legg, Et Al.

June 12, 1967.

Record No. 6434.

Present, All the Justices.

*Catesby G. Jones, Jr.*, for plaintiff in error.

No brief or argument for defendant in error.

Buchanan, J., delivered the opinion of the court.

By a civil warrant issued April 3, 1965, Maggie W. Grinels, executrix of the will of M. C. Grinels, deceased, who traded as Grinels Florist and Grinels Nurseries, plaintiff, brought an action for a money judgment against Quentin J. and Madeline E. Legg, defendants, in the Gloucester county court. An affidavit of account attached to the warrant alleged that $813.25 was due on open account for work done by her testator on the property of the defendants in May, 1962.

Defendants filed an answer under oath denying the claim, and a motion to quash the warrant on the ground that plaintiff, as executrix, had no interest in the claim because she had made a final settlement

of her accounts before the commissioner of accounts, and had filed an affidavit pursuant to Code § 26-20.1 that she was the sole distributee under the will of M. C. Grinels and had paid all known charges against the estate and had delivered the residue of the estate to herself, and on March 30, 1964, her report had been confirmed by the clerk of the Circuit Court of Gloucester county and had become final.

Mrs. Grinels then filed two motions in the County Court, one asking that leave be granted to substitute Maggie W. Grinels, trading as Grinels Florist and Nurseries as plaintiff; and the other at a later date to substitute Maggie W. Grinels as plaintiff instead of Maggie W. Grinels, executrix, etc. On July 21, 1965, the County Court dismissed the action.

Mrs. Grinels appealed to the Circuit Court of Gloucester county (Code § 16.1-106), and there filed another motion to amend asking that she individually be substituted as plaintiff. The court overruled this motion and dismissed the action, stating in its order that "the records of the County Court do not reflect that an amendment was granted from Maggie W. Grinels in her representative capacity to Maggie W. Grinels individually. It being the position of the parties to this action that the proper party plaintiff was Maggie W. Grinels individually, the County Court had no jurisdiction to determine the issue between a plaintiff, not a proper party to maintain such action, and the defendant, and consequently no amendment may be allowed * *." The case is here on a writ of error to that judgment.

Plaintiff contends that the Circuit Court erred in holding that the records of the County Court did not show that an amendment had been allowed; that even if the amendment was not there allowed, the Circuit Court had authority to make and should have made the amendment requested in that court.

An examination of the original warrant shows that various pencil and ink notations have been made thereon. A pencil writing states: "Pltff amended to read—individually" and "Evidence stricken at close of pltffs case" "appealed" "Bond at $100." Stamped or written in ink on the warrant are: "Jul 21 1965" "Dismissed" "Appeal noted" "Bond set at $100.00," followed by the signature of the Judge of the County Court. An unsigned paper stating that the amendment was allowed and an unsigned paper in the form of an order are also contained in the record.

Code § 16.1-93, dealing with principles applicable to cases tried in courts not of record, provides, in part:

"* * No warrant, motion or other pleading shall be dismissed by reason of a mere defect, irregularity or omission in the proceedings or in the form of the pleadings when the same may be corrected by an order of the court. The court may direct such proceedings and enter such orders as may be necessary to correct any such defects, irregularities and omissions, and to bring about a trial of the merits of the controversy and promote substantial justice to all parties. * *"

While the record contains no formal order of the County Court permitting the amendment, appellant argues that the pencil notation on the warrant was adequate. However, it is not necessary to decide whether there was adequate indication that the County Court allowed the amendment.

Code § 16.1-114 deals with principles applicable in trials of cases appealed from courts not of record to courts of record. It provides, in part:

"* * No warrant, motion or other pleading shall be dismissed by reason of a mere defect, irregularity or omission in the proceedings in the court not of record, or in respect to the form of any such pleading, when the same may be corrected by a proper order of the court of record. But in any such case the court of record shall retain the same, with full power to direct all necessary amendments, to enter such orders and direct such proceedings as will tend to correct any such defects, irregularities and omissions, to promote substantial justice to all parties, and to bring about a trial of the merits of the controversy; * *. This section shall be liberally construed, to the end that justice be not delayed or denied by reason of errors in the pleadings or in the form of the proceedings." See also Code §§ 8-119 and 16.1-93; Rule 3:13.

In *Jacobson* v. *Southern Biscuit Co.*, 198 Va. 813, 97 S.E.2d 1, an amendment was allowed which changed the name of the defendant to Weston Biscuit Company, Inc., to which the assets of Southern has been transferred. We held that the amendment worked no change in the cause of action sued on, the party which was substituted bore a real relation of interest to the original party and to the suit, and nobody was misled or prejudiced by the mistake. We said:

"* * The tendency of modern decisions is reflected in our Rule 3:13, which directs that 'Leave to amend shall be liberally granted in furtherance of the ends of justice.' * *

"If the right party is before the court although under a wrong name, an amendment to cure a misnomer will be allowed, notwithstanding the running of the statute of limitations, provided there is no change in the cause of action originally stated. * *"

According to the general rule, so long as the cause of action remains the same, a plaintiff may amend his action so as to change the capacity in which he sues from representative to individual. Such an amendment does not have the effect of bringing in a new party or of changing the cause of action if the subject of the action is the same and the party defendant is before the court upon process issued. *Hardy* v. *Woods*, (S.D.), 146 N.W. 568; 39 Am. Jur., Parties, § 83 at p. 954; Anno., 74 A.L.R. 1269.

In *First Nat'l Exchange Bank of Roanoke, Ex'r* v. *Seaboard Citizens Nat'l Bank of Norfolk, Adm'r*, 200 Va. 681, 686, 107 S.E.2d 408, 412, we quoted with approval the following from Lamb's Virginia Probate Practice, § 224, p. 357:

" 'But in the Virginia probate law and practice the powers of a personal representative of a decedent do not come to an end in any such fashion, automatically upon settlement of final accounts or in any other events; nor are they here, as they are in many other jurisdictions, terminated by the entry of an order of discharge. There is no such thing as an order declaring the estate fully administered and discharging the personal representative from further duties and responsibilities. In this respect a fiduciary acting as personal representative of a deceased person's estate is wholly unlike other fiduciaries. His continued possession of his plenary powers *indefinitely* may be characterized as unique.' "*

The plaintiff does not now urge, however, that her action was maintainable in her name as executrix. Her motion in the Circuit Court was that she, as an individual, be substituted as plaintiff in the action brought by her as the executrix. Clearly that motion should have been granted. The cause of action would have remained the same; the plaintiff was the real party in interest as the sole distributee of any recovery; the defendants were before the court and would suffer no prejudice from the requested change, which amounted only

---

* Section 64-121.1 of the Code provides that an executor or administrator who has completed the distribution of the estate with the exception of transferring certain assets may file with the clerk of the court a petition describing such assets, reciting that all debts of the decedent have been paid and that a final accounting has been filed and approved, and the clerk shall issue a certificate certifying that the powers of such executor or administrator continue in full force and effect.

to a change in the capacity in which the plaintiff would maintain the action.

For the error in refusing to allow the amendment, the judgment appealed from is reversed and the case is remanded to the Circuit Court with direction to allow the amendment and let the case be tried on its merits.

*Reversed and remanded.*