# Richmond

CHARLES R. DUNN, III v. SADIE R. TERRY, ADMINISTRATRIX, ETC. ET AL.

September 5, 1975.

Record No. 740809.

Present, All the Justices.

*Henry H. McVey, III (Guy W. Horsley, Jr.; McGuire, Woods & Battle*, on brief), for plaintiff in error.

*Don P. Bagwell; Frank D. Harris (Tuck, Bagwell, Dillard, Mapp & Nelson; Harris & Matthews*, on brief), for defendants in error.

COCHRAN, J., delivered the opinion of the court.

On January 13, 1970, Sadie R. Terry, Administratrix of the Estate of Henry T. Terry, Jr., filed in the trial court a motion for judgment for damages against Charles R. Dunn, III, in which she alleged that the death of her decedent had been caused by the wrongful act of Dunn. Process was served on Dunn by posting. He was represented

throughout the litigation by able and experienced attorneys who appeared generally for him, filing his grounds of defense and vigorously contesting the action on his behalf. After a two-day trial, the jury found for the Administratrix, and the trial court entered judgment against Dunn on the jury verdict in the sum of $75,500. Throughout the trial and on July 29, 1971, the date judgment was entered against him, Dunn was an inmate of a State correctional institution, sentenced to confinement for more than a year, as a consequence of his conviction on August 18, 1970, of involuntary manslaughter, a felony. No committee was appointed for Dunn in the law action.

Thereafter, pursuant to several garnishment summonses, the trial court entered orders requiring the Director of the Department of Welfare and Institutions to pay on account of the judgment sums held for Dunn that were subject to garnishment.

On October 17, 1973, another garnishment summons was served on Dunn and on his employer, Richmond Community Action Program. Dunn filed a motion to quash the summons and a motion to vacate the judgment on the ground that the judgment was void and unenforceable because at the date of its entry no committee had been appointed for him. The Administratrix filed a responsive pleading in which she denied the invalidity of the judgment.

Based upon the stipulated facts, the trial court, by order entered June 17, 1974, overruled the motion to quash and the motion to vacate and ordered Richmond Community Action Program to pay to the Administratrix the funds of Dunn held by the Program that were subject to garnishment as of a specified date. Dunn has appealed this order.

■ Dunn contends that the language of Code §§ 53-305[1] and 53-307 (Repl. Vol. 1974)[2] mandates the appointment of a committee

---

[1] Code § 53-305 provides:

"When a person is convicted of a felony and sentenced to confinement in a State correctional institution for one year or more his estate, both real and personal, if any he has, shall, on motion of any party interested, be committed by the circuit or corporation court of the county or city in which his estate, or some part thereof is, to a person selected by the court, who after giving bond before the court, in such penalty as it may prescribe, shall have charge of the estate until the convict is discharged from confinement."

[2] Code § 53-307 provides:

"Such committee may sue and be sued in respect to all claims or demands of every nature in favor of or against such convict, and any other of the convict's estate, and he shall have the same right of retaining for his own debt as an administrator would have. No action or suit on any such claim or demand shall be instituted by or against such convict after judgment of conviction, and while he is incarcerated. All actions

for a convict before a valid judgment may be entered against him. He stresses the legislative history of these statutes. He points out that §§ 6 and 7 of Chapter CCVI, Title 56, Code of 1873, the predecessor statutes of §§ 53-305 and 53-307, after requiring appointment of a committee for a convict on the motion of any interested party, included the permissive language that "[s]uch committee may sue and be sued . . ." now found in the first sentence of § 53-307, but did not contain the mandatory language of the second and third sentences.

Moreover, Dunn attaches particular significance to the 1972 statute, Acts 1972, c. 720, which added § 8-88.1 to the Code to provide that, in any suit wherein an infant, insane person or convict is a party and is represented by a licensed attorney, "no guardian ad litem shall be appointed, unless the court determines that the interests of justice require such appointment." This statute, in Dunn's view, shows that prior to its enactment appointment of a guardian ad litem for an infant or insane defendant or a committee for a convict defendant was required.

We agree that under the provisions of Code § 8-88 (Repl. Vol. 1957), before its modification by Code § 8-88.1, a guardian ad litem was required to represent infant or insane defendants, except that as to the latter, a guardian ad litem was necessary only if no committee had been appointed or if there was a conflict of interest between the committee and the insane person. *Howard* v. *Landsberg*, 108 Va. 161, 173, 60 S.E. 769, 773-74 (1908). Prior to the enactment of § 8-88.1, we held that a judgment against an infant for whom it did not affirmatively appear that a guardian ad litem had been appointed was void. *Moses* v. *Akers*, 203 Va. 130, 132, 122 S.E.2d 864, 865 (1961); *Kanter* v. *Holland*, 154 Va. 120, 122, 152 S.E. 328, 329 (1930). Thus, failure to comply with the provisions of § 8-88 was a jurisdictional defect that could not be waived. However, there is no reference to convicts in that statute.

In suggesting that the General Assembly, by enacting Code § 8-88.1, intended to equate guardians ad litem with committees as to convict defendants, Dunn has overlooked the distinction between the two types of fiduciaries drawn by Code § 8-55 (Repl. Vol. 1957), which provides that, if a convict is a defendant in a divorce suit and

---

or suits to which he is a party at the time of his conviction shall be prosecuted or defended, as the case may be, by such committee after ten days' notice of the pendency thereof, which notice shall be given by the clerk of the court in which the same are pending."

no alimony is sought or no committee has been appointed, a guardian ad litem for the convict must be appointed. Thus, the provisions of § 8-88.1 would apply in such cases if the convict has retained counsel to represent him. We perceive no legislative intent, however, that § 8-88.1 should apply to §§ 53-305, *et seq.*, pertaining to the appointment of committees for convict defendants.

Section 53-305 requires the appointment of a committee for a convict coming within the purview of the statute, on motion of any interested party. No such motion was made in this case, by Dunn, by the Administratrix, or by any other interested party. The wrongful death action was hard fought from beginning to end, and Dunn's interests were fully protected by three attorneys. Thus, at the taking of his discovery deposition at the State correctional institution where he was confined, Dunn, acting upon the advice of his attorneys, invoked his Fifth Amendment privilege against self-incrimination and declined to answer questions. Dunn's attorneys actively participated in the trial, tendered jury instructions, of which some were granted and others refused, and moved without success to set aside the adverse jury verdict. From the record it is apparent that a committee, if one had been appointed, could have done no more than his attorneys did to defend Dunn against civil liability.

Section 53-307 contains no prohibition against actions or suits instituted by or against the convict prior to his conviction. The requirement is that such actions or suits be prosecuted or defended by "such committee" appointed upon motion of any interested party.

Two other statutes, upon which Dunn has not relied, also pertain to civil litigation to which a convict is a party. Section 8-145 (Repl. Vol. 1957), provides that "[w]hen a party dies, or becomes convict of felony or insane, . . . if such fact occurs after verdict, judgment may be entered as if it had not occurred." Under § 8-146 (Repl. Vol. 1957), "[w]hen such fact occurs in any stage of a cause, . . . if it occur as to any of several plaintiffs or defendants, the suit or action may proceed for or against the others . . . ."

Rules 2:16 and 3:15, relating to chancery causes and law actions, respectively, provide in identical language:

"If a party becomes incapable of prosecuting or defending because of death, insanity, conviction of felony, removal from office, or other cause, his successor in interest may be substituted as a party in his place.

"Substitution shall be made on motion of the successor or of any party . . . ."

We find nothing in these statutes or rules to deny a convict, already within the civil jurisdiction of the court at the time of his felony conviction and incarceration, the privilege of waiving the appointment of a committee and proceeding to trial and judgment in a law action in which he is represented by counsel of his own choosing.

There are few reported cases in Virginia involving the rights of convicts in civil litigation. In *Neale and al.* v. *Utz and al.*, 75 Va. 480 (1881), civil process was served on Lipscomb on the day of his conviction of a felony, and judgment by default was entered in favor of Utz against Lipscomb during his incarceration, without the appointment of a committee for him. Neale acquired real estate from Lipscomb after his release and, in proceedings in which Lipscomb was not a party, attacked the validity of Utz's judgment. In upholding the judgment against collateral attack we held that, as process was served on Lipscomb before his conviction, the court acquired jurisdiction which continued notwithstanding his subsequent disability, and that no irregularity in the proceedings thereafter would make the judgment void.

*Merchant* v. *Shry*, 116 Va. 437, 82 S.E. 106 (1914), relied upon by Dunn, is distinguishable from the present case. There, process was served after conviction and incarceration, and the convict, for whom no committee had been appointed, made a special rather than a general appearance and moved to quash the process. The motion was granted, the trial court dismissed the suit, and this action was affirmed on appeal.

In *Almond* v. *Kent*, 459 F.2d 200 (4th Cir. 1972), the prisoner, without the appointment of a committee, filed suit in a federal court against the sheriff of a Virginia county, alleging deprivation of the plaintiff's civil rights under a federal statute. The defendant asserted that under Virginia law the convict could only sue in the name of his committee. The court, however, noting that the appointment of a committee appeared to be mandatory but that to require the plaintiff to have a committee appointed might deny him the opportunity to seek relief, permitted the convict to proceed in his own name.

The similarity between the statutes providing for appointments of committees for insane persons and convicts has long been apparent. *See Merchant* v. *Shry, supra*, 116 Va. at 447, 82 S.E. at 110. Code §§ 37.1-127, *et seq.*, require the court to appoint a committee for an

insane or feebleminded person upon the adjudication of insanity or feeblemindedness, and provide that all actions or suits to which the ward is a party at the time of his admission to a hospital shall be prosecuted or defended by his committee. Nevertheless, Code § 8-88 anticipates the failure to comply with these provisions by requiring the appointment of a guardian ad litem to defend an insane defendant for whom no committee has been appointed. *See also Bird's Committee v. Bird*, 62 Va. (21 Gratt.) 712 (1872), where we held that, when a committee's powers had been revoked, a suit by an insane person, by next friend, against the committee was not fatally defective, as the committee had waived by silence and acquiescence the general rule requiring that the suit be instituted in the name of the committee, when there is one, or his successor.

Some jurisdictions have held that a statute providing for appointment of a guardian ad litem to defend a suit against an insane defendant is procedural and not jurisdictional. *See Beckley Nat. Bank v. Boone*, 115 F.2d 513, 518 (4th Cir. 1940); *Kirkland v. Kirkland*, 186 N.E.2d 794, 797 (Ill. App. 1962). And in *Burkhalter v. Virginia-Carolina Chemical Co.*, 156 S.E. 272 (Ga. App. 1930), it was held that, where the defendant was sane when the suit was instituted, but became insane before entry of default judgment against him, the judgment was not void, although no guardian ad litem had been appointed for him and no answer filed on his behalf. We will assume, however, without deciding, that prior to the enactment of Code § 8-88.1 appointment of either a committee or a guardian ad litem for an insane defendant in Virginia was, as was the appointment of a guardian ad litem for an infant defendant, a jurisdictional rather than a procedural requirement. Nevertheless, the significant difference between the status of an infant or insane person and that of a convict persuades us that appointment of a committee for Dunn was a procedural requirement that could be waived.

Convicts are not civilly dead in Virginia, and they may freely execute contracts and deeds. *Haynes v. Peterson*, 125 Va. 730, 100 S.E. 471 (1919); *see also Scott v. Nance, Adm'r*, 202 Va. 355, 358, 117 S.E.2d 279, 281 (1960). Here, Dunn was *sui juris* at the time the action against him was instituted, and the trial court acquired jurisdiction over him. Dunn was free to make whatever arrangements he desired to defend the action. Unlike an infant or insane person, he was not legally incompetent to transact business either before or after his conviction in the criminal case.

We hold that, by electing to continue to utilize the services of the attorneys who represented him rather than to move for the appointment of a committee, Dunn waived the procedural provision of Code § 53-307 available to him. The trial court, having once acquired jurisdiction, retained jurisdiction over him, and entered a valid final judgment against Dunn on the jury verdict in favor of the Administratrix.

For the reasons assigned the judgment order of the trial court is

*Affirmed.*