## CIRCUIT COURT OF BOTETOURT COUNTY

Daniel S. Cassell

v.

Bundy Truck Line, Inc., et al.

November 3, 1976

By JUDGE ROSCOE B. STEPHENSON, JR.

The plaintiff (Cassell), who had been convicted of a felony and sentenced to confinement in a State correctional institution for more than one year, filed this action in his individual capacity against the defendants seeking damages for personal injury arising out of a motor vehicle collision which occurred on August 8, 1974. At the time this action was begun, the plaintiff was represented by John R. Patterson, Esquire, a capable and competent member of the Virginia State Bar. Mr. Patterson's representation of Cassell has continued to the present. Mr. Patterson, at the time this action was filed, was unaware that his client had been convicted of a felony and sentenced to confinement in a correctional institution for more than one year. Upon learning of this fact, he moved the court for leave to amend the motion for judgment by substituting Cassell's committee as plaintiff in the place of Cassell individually. Permitting the requested amendment would meet the requirement of Code Section 53-307.

About the same time that the plaintiff filed his motion for leave to amend, counsel for two of the defendants, Bundy Truck Lines, Inc., and Arthur E. Northfleet, moved the court to dismiss this action upon the ground that it lacked jurisdiction since this action was not brought in the name of a committee for Cassell. Thereafter

the remaining defendants also moved for dismissal on the same ground.

Cassell contends that the provisions of Code Section 53-307 are merely procedural and that to permit the amendment he seeks would be in the furtherance of the ends of justice. The defendants contend, on the other hand, that the provisions of § 53-307 are jurisdictional, the suit is a nullity, and an amendment is impermissible.

The Supreme Court of Virginia recently dealt with a similar question in *Dunn* v. *Terry*, 216 Va. 234, 217 S.E.2d 849 (1975). *Dunn* holds that the requirement of Code § 53-307 is not jurisdictional but is procedural.

After reviewing the history of the statute and the relevant cases, Mr. Justice Cochran, speaking for the court in *Dunn*, said:

> We hold that, by electing to continue to utilize the services of the attorneys who represented him rather than move for the appointment of a committee, Dunn waived the *procedural* provision of Code § 53-307 available to him. (italics added). 216 Va. at 240, 217 S.E.2d at 854.

Among the cases discussed in *Dunn* was *Almond* v. *Kent*, 459 F.2d 200 (4th Cir. 1972), which permitted the prisoner, without the appointment of a committee, to proceed in his own name.

It is true, as pointed out in defendant's brief, that the facts in *Dunn* differ somewhat from those here presented. In *Dunn* the convict was the defendant, and he was sued *before* his conviction and sentence to confinement. In *Dunn* the court does attach some importance to the fact that he "was *sui juris* at the time the action against him was instituted, and the trial court acquired jurisdiction over him." But *Dunn* decides "that appointment of a committee. . . was a *procedural* requirement. . ." 216 Va. at 239, 217 S.E.2d at 854. (italics added).

Since the requirement is procedural and not jurisdictional, the pending action is not void.

It follows, therefore, that, in accordance with both statute and the Rules of Court, Cassell should be permitted to amend the motion for judgment so as to conform with the requirement of § 53-307. Leave to amend is liberally granted in furtherance of the ends of justice,

and the court should disregard defects which do not affect the substantial rights of the parties. Code § 8-119, Rule 1:8. Here the requested amendment would result in merely substitution of plaintiffs. Since it does not introduce a new cause of action, it should be permitted. *Jacobson* v. *Southern Biscuit Co.*, 198 Va. 813, 816, 817, 97 S.E.2d 1, 3, 4; *Grinels* v. *Legg*, 208 Va. 63, 66, 155 S.E.2d 56, 58.

The court holds, therefore, that (1) the requirement of Code § 53-307 is merely procedural, and (2) that, in the proper exercise of its discretion, Cassell shall be permitted to amend the motion for judgment by substituting his committee in place of himself as plaintiff.