## Richmond

WALTER D. CROSS

v.

SANDRA RHEA SUNDIN, ET AL.

June 12, 1981.

Record No. 800412.

Present: All the Justices.

(*Pro se,* on brief), for appellant.
(*Henry P. Custis, Jr.; Ayres, Hartnett & Custis,* on brief), for appellees.
Case submitted on briefs.

PER CURIAM.

The sole issue in this appeal is whether the trial court erred in dismissing an action filed by the appellant, a convict, on the ground that he could not proceed with the action without the appointment of a committee pursuant to Code § 53-307.[1]

Subsequent to his conviction and incarceration for second-degree murder, Walter D. Cross brought an action in 1979 against Sandra Rhea Sundin and Martha Peppler, individually and in their capacity as executrices of the Estate of Marcia Lane Cross.[2] Alleging that Code § 53-307 deprived Cross of standing to maintain the action, the appellees filed a motion to dismiss, which the circuit court sustained in an order filed on December 18, 1979. Cross, contending he had a constitutional right to petition the courts without the appointment of a committee, then brought this appeal.

Because we believe this case is governed by *Dunn v. Terry, Administratrix,* 216 Va. 234, 217 S.E.2d 849 (1975), we find it unnecessary to reach the appellant's constitutional challenge. In *Dunn,* Charles R. Dunn, III, a prisoner, was sued by an administratrix prior to his incarceration. Although Dunn was represented by counsel in the civil proceedings, the trial occurred during his incarceration, and no committee was appointed for him. After the trial court rendered judgment against him, Dunn claimed that the failure to appoint a committee invalidated the civil judgment rendered against him. Rejecting his argument, we ruled that the appointment of a committee was a procedural provision which could be waived by a prisoner. In support of our holding, we noted that "[c]onvicts are not civilly dead in Virginia" and that Dunn "was

---

[1] Code § 53-307 (1978 Repl. Vol.) provides in pertinent part:
Such committee may sue and be sued in respect to all claims or demands of every nature in favor of or against such convict, and any other of the convict's estate. . . .
*No action or suit on any such claim or demand shall be instituted by or against such convict after judgment of conviction, and while he is incarcerated.* [Emphasis added.]
In 1980, the General Assembly deleted the second sentence of this section as here italicized. Acts 1980, c. 504. In the same Act the legislature added Code § 53-307.1, which provides that "No action or suit on any claim or demand shall be instituted against such convict after judgment of conviction, and while he is incarcerated except through his committee."

[2] Previous to Cross's suit, Peppler and Sundin had filed an action against him. *Sundin v. Klein,* 221 Va. 232, 269 S.E.2d 787 (1980).

not legally incompetent to transact business either before or after his conviction in the criminal case." *Id.* at 239, 217 S.E.2d at 854. Because Dunn elected to utilize the services of his attorneys and did not move for the appointment of a committee, we concluded that Dunn had waived the procedural provisions of Code § 53-307. *Id.*

Cross was free to waive the appointment of a committee, if he so desired. Consequently, the trial court erred in dismissing Cross's action on the basis of Code § 53-307.

For the reasons stated, the judgment of the trial court will be reversed and the case remanded for proceedings not inconsistent with this opinion.

*Reversed and remanded.*