## CIRCUIT COURT OF THE CITY OF NORFOLK

Ronald Graham

    v.

Harold Catron et al.

August 3, 1982

Case No. (Law) L-81-1595

By JUDGE EDWARD L. RYAN, JR.

This matter came on for hearing on July 30, 1982, on defendants' pleas of the statute of limitations.

Counsel for defendants cited authorities in support of their contention that convicts are no longer civilly dead in Virginia and unlike an infant or insane person are not legally incompetent to transact business either before or after conviction in a criminal matter. In short, they assert that the statute of limitations is not tolled but runs against a convict in the same fashion as it does against any other citizen. *Dunn v. Terry*, 216 Va. 234 (1975).

On the other hand, plaintiff contends that his incarceration in Mecklenburg prison seriously handicaps him in pursuing a legal action and, in effect, invokes the ancient common law maxim that no prescription runs against a person who is unable to act (*contra non valentem agere nulla currit praescriptio*). He explained at some length his handicaps and disabilities, with particular emphasis on the lack of an adequate law library at Mecklenburg prison and his inability to circulate freely in public ways where he could solicit aid and guidance from other persons. He further stresses that defendants have the aid and counsel of members of prominent law firms and their own more than adequate financial assets. In short, plaintiff says that the court should hearken to his disad-

vantages and not strictly apply the statute of limitations because of the special circumstances of his incarceration.

It seems to be an almost universal rule that a statute of limitations runs against a convict *unless* there is specific statutory provision to the contrary.

> As a general rule, a statute of limitations containing no exception in favor of persons under legal disability runs against the right of action existing in favor of such a person and . . . bars his right to sue to the same extent and with the same effect as if he were a person sui juris. 51 Am. Jur. 2d, *Limitation of Actions*, § 178.

> Although the imprisonment of a plaintiff will toll the statute of limitations in his favor where that is the *specific* statutory command, it appears that the statutory provision must be *unequivocal* and *clear*, since, in the application of tolling provisions, whether it is a general tolling provision in favor of persons under a legal disability or a specific provision in favor of persons imprisoned, it is generally held in cases of imprisonment that exceptions to the statute of limitations will be strictly construed. Moreover, a person imprisoned is *not* within a provision in a limitation statute making an exception as to persons under legal disability, *especially where under the laws of the particular jurisdiction there is no disability in a convict to institute in a civil action. Idem*, § 192. (Emphasis added.)

*See also* 24 A.L.R.2d 618, Annot. "Imprisonment as tolling statute of limitations."

The mere pendency of Mr. Graham's instant suit is stark testimony to the fact that a convict in Virginia may freely sue and be sued.

The only remaining question is whether Virginia has a *specific* statute that *unequivocally* and *clearly* provides that the statute of limitations shall not or does not run against a person incarcerated. The *only*

provision in Virginia law in this connection is found in the Code of Virginia, § 8.01-229, subsection (A)(3), which is as follows:

> If a convict is or becomes entitled to bring an action *against his committee*, the time period during which he is incarcerated shall not be counted as any part of the period within which the action must be brought. (Emphasis added.)

Mr. Graham's action against the named defendants (newspaper, newspaper reporter and state official) is clearly *not* a suit against a committee.

Mr. Graham in an impassioned final argument before the court pleaded for fairness and justice, and asked the court, because of his special circumstances, *not* to apply the statute of limitations to this case and to grant him a trial and "his day in court." This court's research of the law indicates that the United States Supreme Court and every appellate court of this land has been required to speak out on the "fairness" of applying the statute of limitations in all types of cases under all types of special circumstances. The best expression of the decisions of all courts is found in 51 Am. Jur. 2d, at page 603 and is as follows:

> Sect. 19 Moral Considerations.
>
> *Statutes* of limitation find their justification in necessity and convenience rather than in logic, and it has been said that they represent expedience rather than principles. (*Chase Secur. Corp. v. Donaldson*, 325 U.S. 304) These statutes create repose and are practical and pragmatic devices to spare the courts from litigation of state claims, and the citizen from being put to his defense after memories have faded, witnesses have disappeared or died, and evidence has been lost. Accordingly, the fact that the barred claim is a just one or has the sanction of a moral obligation does not exempt it from the statute of limitations. The statutes are by definition arbitrary, and their operation does not discriminate between the just and unjust

claim, or the avoidable and unavoidable delay. They apply with full force to the most meritorious claims, and courts cannot refuse to give the statute effect merely because it seems to operate harshly in a case involving an obviously meritorious claim.

From another point of view, statutes of limitations are considered wise and beneficient in their purpose and tendency and are held to be rules of property vital to the welfare of society. As such, they are deemed to be in the interest of morals, serving to prevent perjuries, frauds and mistakes, to render people attentive to the early adjustment of demands, and to prevent the disturbance of settlements which have been made but of which the proof may have been lost.

Counsel for defendants may submit an order sustaining the pleas and dismissing the suit and saving to plaintiff his exceptions.