## CIRCUIT COURT OF FAIRFAX COUNTY

Alfred Chandler

v.

Mark Yeager

February 1, 1991

Case No. (Law) 80911

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is plaintiff's motion for entry of a default judgment. The motion was taken under advisement following a hearing on January 2, 1991. After consideration of the arguments presented by each party at the hearing and the applicable law, the Court denies Mr. Chandler's motion for entry of a default judgment.

The first issue to be resolved is whether the Court is required to appoint a guardian ad litem or committee to represent Mr. Chandler in these proceedings due to Mr. Chandler's incarceration, in the absence of any request by Mr. Chandler to do so. Although Va. Code §§ 53.1-222 and 53.1-223 provide that a committee may be appointed to prosecute and defend suits against a prisoner pursuant to a motion by an interested party, the Virginia Supreme Court has held in construing a former statute that a convict is free to waive the appointment of a committee if he so desires. *Cross v. Sundin*, 222 Va. 37 (1981). In *Cross*, the trial court dismissed an action brought by a convict, reasoning that the prisoner lacked standing to sue because

the appointment of a committee was mandatory. *Id.* at 38. The Supreme Court reversed the trial court's decision, holding that appointment of a committee is a procedural requirement which can be waived because "convicts are not civilly dead in Virginia" and are not "legally incompetent to transact business either before or after conviction in the criminal case." *Id.* at 38-39 (citing *Dunn v. Terry, Administratrix*, 216 Va. 234, 239 (1975)). The Supreme Court further held in *Dunn* that the Court is not required to appoint a guardian ad litem to represent a convict. *Dunn*, 216 Va. at 236-237. Although the statutes construed in *Cross* and *Dunn* have been amended, the changes do not appear to affect the validity of the Court's analysis in those decisions. Based on this authority, the Court finds that Mr. Chandler is free to prosecute this action without appointment of a committee or a guardian ad litem.

The defendant argues that the Court may not enter a default judgment because the plaintiff's Motion for Judgment fails to state a cause of action. The Supreme Court has noted that courts "have no power to adjudicate issues which are not presented by the parties in their pleadings" and where the plaintiff's Motion for Judgment does not state a valid cause of action, the Court is disabled from entering a valid default judgment. *Landcraft Co. v. Kincaid*, 220 Va. 865, 870 (1980). (Citing Restatement (Second) of Judgments, Introductory note at 20 (Tent. Draft No. 6, 1979)). *See also, St. Paul Ins. Co. v. Nationwide Mutual Ins. Co.*, 209 Va. 18 (1968) (Failure to appear constitutes an admission of all facts pleaded in plaintiff's motion but does not admit the legal conclusions to be drawn from those facts). Therefore, the issue of whether the plaintiff's Motion for Judgment in the present case states a valid cause of action must be addressed.

Plaintiff seeks recovery against the defendant for legal malpractice based on defendant's representation of him in a criminal matter. Although there are no Virginia cases, it is well-established that a criminal defendant may challenge the adequacy of his counsels representation in a tort action. *See* Annotation, "Attorney's Liability for Malpractice," 53 A.L.R. 3d 731 (1990). However, a prerequisite to recovery for an attorney's negligence is the allegation and proof that the plaintiff suffered actual damages as a result of the attorney's breach of

duty. *Allied Productions, Inc. v. Duesterdick*, 217 Va. 763, 766 (1977). As the Court noted in *Allied Productions*, the allegation that a judgment was entered against the client as a result of the attorney's negligence is not sufficient "because the judgment may be entirely just and one that would have been rendered notwithstanding the efforts of the attorney to prevent it." 217 Va. at 765 (citing *Maryland Casualty Co. v. Price*, 231 F. 397 (4th Cir. 1916)). Therefore, in actions for legal malpractice, the client must allege and prove that the judgment against him would have been reversed and judgment would have been entered in his favor in the absence of his attorney's negligence. *See, Allied Products*, 217 Va. at 766 (citing *Better Homes, Inc. v. Rodgers*, 195 Supp. 93 (N.D. W. Va. 1961). *See also, Mylar v. Wilkinson*, 435 So. 2d 1237 (Ala. 1983) (dismissal for failure to state a claim upon which relief could be granted affirmed where plaintiff failed to allege that appellate court would have rendered a favorable decision for the client in the absence of the attorney's negligence). *See generally*, Annotation, "Attorney's Liability for Malpractice in Connection with Defense of Criminal Case." 53 A.L.R. 3d 731 (1990).

Plaintiff alleges in his Motion for Judgment that he received a letter from the Court of Appeals informing him that the time limit for his appeal had expired and alleged that his right to appellate review of his convictions was "prejudiced" by his attorney's negligence. However, the Motion for Judgment is devoid of any allegations that his conviction would have been reversed on appeal and judgment would have been entered in his favor. In the absence of any allegations of such actual damages due to his attorney's negligence, plaintiff's Motion for Judgment fails to state a cause of action according to the authority cited above. The plaintiff's motion for entry of a default judgment consequently is denied.