## CIRCUIT COURT OF FAIRFAX COUNTY

Betty J. Buddington, Adm'x

v.

Billy R. Kelly
and Eugene P. Kelly

August 17, 1993

Case No. 105470

BY JUDGE GERALD BRUCE LEE

This matter comes before the Court on Billy R. Kelly's Motion to Waive Appointment of Committee/Counsel. Kelly requests that he be allowed to represent himself pro se. Having considered the motion, the cases cited, and for the reasons stated below, the Court grants the waiver of a committee and presumes a withdrawal of waiver of counsel.

Mr. Kelly is incarcerated in the Powhatan Correctional Center in State Farm, Virginia. While in the prison, he was served with the motion for judgment in this wrongful death action. On April 12, 1993, Kelly received a letter from this Court dated April 6, 1993, postponing a status conference until May 11, 1993, so that a committee could be appointed to represent Kelly's estate.

Kelly now requests that this Court recognize his "waiver" of a committee citing *Dunn v. Terry, Admin.*, 216 Va. 234 (1975), and *Ruffin v. Commonwealth*, 10 Va. App. 488 (1990). He states that he waives the committee "intelligently and voluntarily, with full knowledge of the possible consequences of [his] actions." Further, Kelly requests "this Court to issue a transportation order prior to each and every future scheduled hearing to ensure [his] presence at all pretrial conferences and hearings."

At common law, a prisoner was civilly dead and had few rights, if any. *Merchant v. Shry*, 116 Va. 437, 439 (1914). The legislature in

1904, however, abrogated the common law and provided for a method whereby the estate of a prisoner could be protected and managed by a "committee," as if he was an insane person. *Id.* at 441. A "committee" is defined as "[a] person . . . to whom the consideration, determination, or management of any matter is committed or referred, as by a court or legislature." *Black's Law Dictionary* at 248 (5th ed. 1979). The "committee statutory scheme," Va. Code Ann. §§ 53.1–221 to 53.1–228 (Repl. Vol. 1991), is optional, however, because a prisoner is no longer civilly dead in Virginia. *Dunn v. Terry, Admin.,* 216 Va. at 239. A prisoner may choose to care for his own affairs, and the courts will recognize that choice. *Id.* at 240. Kelly's motion clearly indicates a voluntary waiver of his right to a committee. Therefore, the Court finds that he waives the appointment of a committee and that he will manage his own estate.

The Court's determination that Kelly has waived his committee does not entirely resolve this matter, for Kelly desires to waive counsel as well. When a prisoner does not have a committee, the Court may appoint a guardian ad litem under Va. Code § 8.01–9.[1] Kelly may waive the appointment of a guardian ad litem, personally appear in court, and assert or defend claims in civil actions. *See, Cross v. Sundin,* 222 Va. 37, 39 (1981); *Chandler v. Yeager,* 23 Va. Cir. 103, 104 (1991). However, a prisoner has no absolute right to be transported to and from court in order to conduct litigation. A prisoner may be transported if his interest in presenting testimony outweighs the state's interest in maintaining confinement. *See, Brewer v. Taylor,* 737 S.W.2d 421, 423 (Tex. Ct. App. 1987); *see also* 82 A.L.R.4th 1063 (1990). Some of the factors to be considered in this determination include the cost and inconvenience of transportation, security risks, whether prisoner's claims are substantial, and whether the matter can be delayed until the prisoner's release. *Brewer* at 423. Kelly has made no showing indicating that his appearance pro se and transportation are necessary. Accordingly, the Court holds that Kelly may not be transported to Court if he decides to appear pro se. Furthermore, if Kelly decides to proceed pro se, a judgment can be taken against him if he fails to appear as required by court orders. *See id.,* at 424.

---

[1] A "committee" is, in effect, a legal guardian for the prisoner's estate while a guardian ad litem is an attorney appointed to represent the estate when no committee has been appointed. *See* Va. Code § 8.01–9(A); *Malinowski v. Carter,* 19 Va. Cir. 177 (1990).

Given the fact that Kelly cannot be transported, his waiver of a guardian ad litem would be meaningless and in fact harmful to his interests. Since Kelly was not fully aware of his rights, the Court presumes he would withdraw his waiver. Instead, the Court will now appoint Edwin C. Brown, Jr., Esq., as guardian ad litem for Kelly. Virginia Code § 8.01–9 provides that attorney's fees for the guardian ad litem shall be paid out of the estate of the prisoner, and if that is insufficient, all or part of the fees "may be taxed as costs in the proceeding." § 8.01–9.