## CIRCUIT COURT OF FAIRFAX COUNTY

John E. Lawson, Jr.

v.

Lonnie Lynn Lake

March 21, 1995

Case No. (Law) 133495

BY JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is defendant's demurrer/motion to set aside default judgment as to Count III of plaintiff's motion for judgment. The following procedural facts are relevant. Plaintiff personally served his three-count motion for judgment on the defendant on July 21, 1994. Counsel for the defendant filed responsive pleadings to the action on August 16, 1994, more than twenty-one days after the date of service. On September 30, 1994, another judge of this Court entered an order finding the defendant in default. Defendant subsequently filed a motion to reconsider the entry of the default, which was denied by that same judge on November 15, 1994.

On December 20, 1994, this Court heard argument on defendant's demurrer/motion to set aside the default judgment as to Count III of the motion for judgment.[1] Virginia Code § 8.01-428 governs the circumstances under which default judgments may be set aside. The Virginia Supreme Court has addressed the circumstance at issue here and has held that a pleading which fails to state a cause of action may not act as the basis for a default judgment and may be set aside under this section. *Landcraft v. Kincaid*, 220 Va. 865 (1980); *see also Chandler v. Yeager*, 23 Va. Cir. 103 (1991). Accordingly, if plaintiff in this case failed to state a

---

[1] Note that Counts I and II are not at issue in the demurrer; the default is not challenged as to those counts.

cause of action, the default judgment may be set aside in accordance with this principle of law.

In Count III of the motion for judgment, plaintiff states in support of his cause of action that the defendant misappropriated the trade name, Commercial Maintenance Services, from plaintiff and operated a business under this name, in violation of § 8.01-40 of the Code of Virginia. Although I find that plaintiff has failed to state a cause of action under § 8.01-40 of the Code of Virginia,[2] since a valid cause of action is stated in quasi-contract, *Nossen v. Hoy,* 750 F. Supp. 740 (E.D. Va. 1990), the motion to set aside the default judgment must be denied. *Landcraft v. Kincaid,* 220 Va. 865 (1980).

---

[2] § 8.01-40, by its own terms, is limited to protecting the privacy of living persons and not inanimate entities, and thus cannot be invoked to prohibit the misappropriation of a trade name. § 8.01-40 states, in pertinent part, that: "Any person whose name, portrait, or picture is used without having first obtained the written consent of such person, or if dead, of the surviving consort and if none, of the next of kin, or if a minor, the written consent of his or her parent or guardian, for advertising purposes or for the purposes of trade, such persons may maintain a suit in equity against the person, firm, or corporation so using such persons's name, portrait, or picture to prevent and restrain the use thereof." The fact that the statute contemplates that the "person" mentioned may be dead and have next of kin, a surviving consort, or parent indicates that the person referenced is an individual human being.

The only authority to the contrary in the statute is found at § 8.01-2, which defines person as "individuals, a trust, an estate, a partnership, an association, an order, a corporation, or any other legal or commercial entity." The definition section is preceded, however, by the caveat that the terms in the definition section shall be so defined "unless the context otherwise requires." The context in which the term "person" appears in § 8.01-40 dictates a construction of the word that is different from the definition given in § 8.01-2.