COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Elder and Fitzpatrick

HAROLD W. POPPE

v.        Record No. 0284-95-4          MEMORANDUM OPINION*
                                             PER CURIAM
DOROTHY D. POPPE                          AUGUST 29, 1995

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Thomas A. Fortkort, Judge

(Robert P. Dwoskin, on brief), for appellant.

(Mary S. Meade, on brief), for appellee.


Harold W. Poppe (husband) appeals the equitable distribution decision of the circuit court awarding certain property to Dorothy D. Poppe (wife). Husband raises a single issue on appeal: whether husband's incarceration should have been sufficient grounds to bar the trial court from entering a final order of equitable distribution. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.[1]

"In reviewing an equitable distribution award on appeal, we recognize that the trial court's job is a difficult one. Accordingly, we rely heavily on the discretion of the trial judge

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

[1]As husband was represented by counsel, no issues arise under Code § 8.01-9. See Dunn v. Terry, 216 Va. 234, 239-40, 217 S.E.2d 849, 854 (1975).

in weighing the many considerations and circumstances that are presented in each case." Artis v. Artis, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987).

The Final Decree of Divorce and Equitable Distribution, entered August 24, 1994, demonstrates that husband was granted an extension until December 1, 1994 to present evidence relating to "any property items not previously ruled upon." Although husband was incarcerated, the record demonstrates that husband was present at the July 20, 1994 equitable distribution hearing and was represented by counsel. The record contains a letter husband filed on August 18, 1994, in which husband suggested that additional savings accounts existed. However, no additional evidence was presented and the Supplemental Decree of Equitable Distribution was entered on December 19, 1994.

Husband's counsel objected to entry of the final order "due to [husband's] continuing incarceration until Feb 1995." Husband argues, in essence, that the trial court was obliged to continue to grant continuances until husband was no longer incarcerated so that husband could personally examine his assets. "The grant or denial of a continuance lies within the sound discretion of the trial judge." Snurkowski v. Commonwealth, 2 Va. App. 532, 535, 348 S.E.2d 1, 2 (1986). Furthermore, "[a]fter a court has concluded an evidentiary hearing 'during which each party had ample opportunity to present evidence, it [is] within the court's discretion to refuse to take further evidence on this subject.'"

2

Holmes v. Holmes, 7 Va. App. 472, 480, 375 S.E.2d 387, 392 (1988) (citation omitted).

Husband has failed to demonstrate that the trial court abused its discretion in entering a final order. The court allowed husband ample opportunities to present evidence. Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.