## CIRCUIT COURT OF CAMPBELL COUNTY

James R. Bailey, Sr., et al.

v.

Stephen M. Phelps et al.

December 5, 1997

Case No. CL96000077

By Judge J. Michael Gamble

The plaintiffs, by counsel, have requested the Court to appoint a guardian *ad litem* for Stephen M. Phelps. Mr. Phelps was convicted of felonies in the United States District Court for the Western District of Virginia and sentenced to serve a term of imprisonment in a correctional facility of the United States. The instant action was filed in the Circuit Court of Campbell County on May 6, 1996, and served on Mr. Phelps on May 8, 1996.

On May 16, 1996, Mr. Phelps was found guilty of various felony offenses by the United States District Court for the Western District of Virginia. Thus, the instant lawsuit was filed and served prior to the date of his convictions.

The Equitable Life Assurance Society of the United States ("Equitable") maintains that a guardian *ad litem* should not be appointed because a committee has not been appointed under the provisions of § 53.1-221 of the Code of Virginia. Implicit in the motion opposing the appointment of the guardian *ad litem*, The Equitable maintains that § 53.1-221 is the controlling statute. This Court does not agree.

In *Dunn v. Terry*, 216 Va. 234, 239 (1975), the Supreme Court of Virginia held the appointment of a committee for a convict was a procedural requirement that could be waived. In that case, just as in the instant case, the defendant had been sued and served prior to his conviction and incarceration. The defendant had not requested the appointment of a committee. Thus, the Court held the defendant had the privilege of waiving the appointment of a committee and proceeding to trial. *Dunn v. Terry, supra*, at 238.

Additionally, § 53.1-221 applies to a defendant who is sentenced to confinement in a *state correctional facility*. In this case, the defendant was sentenced to a correctional facility of the United States. Thus, § 53.1-221 arguably does not apply.

Section 8.01-9 of the Code of Virginia applies to the appointment of a guardian *ad litem* for persons under a disability. That statute makes it mandatory that a guardian *ad litem* be appointed for someone under a disability. Thus, it is the ruling of this Court that a guardian *ad litem* must be appointed for Stephen M. Phelps, a felony prisoner in a United States correctional facility.